Robert Kilby, Esq.
Nevada Bar No.: 7402
540 W. Plumb Lane,
Suite 1C
Reno, NV 89509
Telephone: 775.337.6670
Facsimile: 775.337.6652
robert@kilbylaw.net

Attorney for Plaintiff,
ADRIAN MORALES-PONCE

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| ADRIAN MORALES-PONCE,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL ROGER CARMACK; INTERSTATE EQUIPMENT LEASING ; JOHN DOES I-V inclusive; and BLACK AND WHITE COMPANIES,<br><br>Defendants. | Case No.<br><br>COMPLAINT<br><br>[JURY DEMAND] |
|---|---|

Plaintiff, by and through his undersigned counsel, herein complains and alleges as follows:

## **JURISDICTION**

1. The Court has jurisdiction of this action pursuant to 28 U.S.C. §1332 because diversity of citizenship exists between the parties.

2. Plaintiff is a resident of the State of Nevada and defendant MICHAEL ROGER CARMACK is a resident of the State of Arizona.  The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

///

///

3. Plaintiff is a resident of the State of Nevada and defendant INTERSTATE EQUIPMENT LEASING is a corporation incorporated under the laws of the State of Arizona having its place of business in Arizona on information and belief. The matter in controversy exceeds, exclusive of interest and costs, the sum of $ 75,000.00.

## INTRODUCTION

4. This is a civil action seeking monetary damages against Defendants for committing acts or omissions of negligence against Plaintiff.

5. That Defendants John Does I-V and Black and White Companies are sued herein under fictitious names because the true names and capacities of said Defendants are not now known by Plaintiff, who asks leave of this Court to amend this Complaint to set forth the same at such time as they become known or ascertained. That Defendants MICHAEL ROGER CARMACK, INTERSTATE LEASING COMPANY, JOHN DOES I-V, and BLACK AND WHITE COMPANIES, unless otherwise specifically identified, are hereinafter referred to as "Defendants."

## RESPONDEAT SUPERIOR INTERSTATE EQUIPMENT LEASING

6. That upon information and belief, Defendant MICHAEL ROGER CARMACK was an employee and/or agent of Defendant INTERSTATE EQUIPMENT LEASING on November 17, 2008, and Defendant MICHAEL ROGER CARMACK was in course and scope of employment, and/or Defendant INTERSTATE EQUIPMENT LEASING, as the principal, ratified the conduct of Defendant MICHAEL ROGER CARMACK.

7. That upon information and belief, Defendant MICHAEL ROGER CARMACK was operating and/or driving a vehicle owned by Defendant INTERSTATE EQUIPMENT LEASING on November 17, 2008.

///

8. That upon information and belief, on or about November 17, 2008, and at the time of the collision with Plaintiff as heretofore described, Defendant MICHAEL ROGER CARMACK's purpose of travel was for the benefit of Defendant INTERSTATE EQUIPMENT LEASING and related to his employment with Defendant INETERSTATE EQUIPMENT LEASING.

## CAUSE OF ACTION
### (Negligence)

9. That on or about November 17, 2008, the Plaintiff was lawfully driving in Casa Grande, Arizona when he was rear ended by the vehicle driven by Defendant MICHAEL ROGER CARMACK which forced Plaintiff's vehicle into the median causing said vehicle to roll onto its hood. Defendant exceeded the conditions of the road, failed to exercise due care as required by Arizona law and statute, and was cited at the scene of the incident.

10. That upon information and belief, the conduct of the Defendant MICHAEL ROGER CARMACK was in violation of Arizona law and vehicle traffic ordinances, and is negligent per se.

11. That Defendants owed a duty of due care to the Plaintiff and breached that duty, which was the cause in fact and proximate cause of all damages herein alleged.

12. That Plaintiff avers that Defendants and its representatives were negligent in that the vehicle driven by the Defendant MICHAEL ROGER CARMACK failed to exercise due care, and in fact Defendant MICHAEL ROGER CARMACK was traveling at an excess rate of speed for the road conditions causing the collision.

13. At all times herein mentioned, the Plaintiff was driving with due care and caution, operating his vehicle in a reasonable and prudent manner.

14. That the Plaintiff has incurred general damages including, but not limited to, pain, suffering, aggravation, disfiguration and the like, in excess of $75,000.00 and/or according to proof.

15. That the Plaintiff has incurred special damages including, but not limited to, hospitalization expenses, medical expenses, past, present, future and incidental expenses, and loss of earnings past, present and future, in excess of $123,000.00 and/or according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment as follows:

1. For general damages in excess of $75,000.00 and/or according to proof.

2. For special damages in excess of $123,000.00 and/or according to proof.

3. For contractual damages in excess of $10,000.00 and/or according to proof.

4. For punitive damages in excess of $10,000.00 and/or according to proof.

5. For attorney's fees.

6. For court costs and disbursements.

7. For such other and further relief as the Court deems proper in the premises.

DATED this 17th day of November, 2010.

LAW OFFICES OF ROBERT KILBY

/s/ Robert Kilby_____
Robert Kilby, Esq.
540 W. Plumb Lane
Suite 1C
Reno, Nevada 89509
775.337.6670
Attorney for Plaintiff, ADRIAN MORALES-PONCE

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a jury for all claims for which a jury is permitted.

Dated:        November 17, 2010            /s/  Robert Kilby_____
Robert Kilby, Attorney for
Plaintiff, ADRIAN MORALES-PONCE

4